UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

POWER RENTAL OP CO, LLC,

    Plaintiff,

v.                                                     Case No. 3:20-cv-01015-TJC-JRK

VIRGIN ISLANDS WATER
& POWER AUTHORITY,

    Defendant.

_____

**DEFENDANT'S MOTION TO DISSOLVE PRE-JUDGMENT WRITS OF GARNISHMENT AND INCORPORATED MEMORANDUM OF LAW[1]**

Defendant, Virgin Islands Water & Power Authority ("Virgin Islands WAPA"), pursuant to section 77.07, Florida Statutes, moves to dissolve the pre-judgment writs of garnishment issued to FirstBank Puerto Rico ("FirstBank") and Banco Popular de Puerto Rico ("Banco Popular") by Plaintiff, Power Rental Op Co, LLC. In support, Virgin Islands WAPA states:

**BACKGROUND**

1. This motion is necessary because of Plaintiff's heavy-handed and improper attempt to interfere with a government agency's banking relationships outside of Florida. If Plaintiff truly had a reasonable basis to believe the Virgin Islands WAPA, an autonomous agency of the Virgin Islands government that is responsible for electricity and drinking water

---

[1] Virgin Islands WAPA has filed a motion to dismiss challenging the Court's exercise of personal jurisdiction over Virgin Islands WAPA, which has no presence in Florida and has not purposefully availed itself of the privileges of doing business in Florida. (*See generally* Doc. 20.) Because the instant motion is being filed after the motion to dismiss and is neither a motion under Federal Rule of Civil Procedure 12 nor a responsive pleading, it does not waive Virgin Islands WAPA's right to challenge to the Court's exercise of personal jurisdiction. *See, e.g.*, *Lane v. XYZ Venture Partners, L.L.C.*, 322 F. App'x 675, 678 (11th Cir. 2009).

throughout the territory, was removing funds outside of Florida, Plaintiff should have sued Virgin Islands WAPA in the Virgin Islands, the exclusive jurisdiction agreed to by the parties. In fact, there is nothing stopping Plaintiff from seeking relief in the Virgin Islands other than a strategy to use the Florida courts to exert undue pressure on Virgin Islands WAPA by interfering with two of its banking relationships.

2. Plaintiff filed its complaint in Florida Circuit Court on June 24, 2020 (*see* Doc. 6 at 1). On July 28, 2020, more than one month later and before serving Virgin Islands WAPA with the complaint, Plaintiff filed an "emergency" *ex parte* motion for prejudgment writs of garnishment against purported Virgin Islands WAPA bank accounts at FirstBank (the "FirstBank writ") and Banco Popular (the "Banco Popular writ") (Doc. 1-3 at 7–16).[2]

3. As the basis for the emergency motion, Plaintiff claimed "there presently exists a substantial risk" that Virgin Islands WAPA, an incorporated instrumentality of the Virgin Islands government, "is or will be declared insolvent and cannot meet its obligations to its creditors," (*id.* ¶ 25), and "funds in the Bank Accounts may be secreted or moved" (*id.* ¶ 27). Plaintiff provided no evidentiary support for these accusations.

4. In the absence of any opposition, the state court granted the motion on July 29, 2020 (Doc. 1-3 at 63–64), and the writs issued on July 30, 2020 (Doc. 1-3 at 69–72).

5. Despite the purported emergency, Plaintiff did not serve the complaint on Virgin Islands WAPA until nearly a month later on August 27, 2020. (Doc. 1-3 at 81.)

6. On September 10, 2020, Virgin Islands WAPA removed the action to this Court. (Doc. 1.)

---

[2] Virgin Islands WAPA's citations to docket entry 1-3 will reference the page numbers in the header generated by CM/ECF. All other citations reference internal page numbers.

7. On September 11, 2020, Plaintiff gave notice that FirstBank had served its objections and answer to the FirstBank Writ. In its answer, FirstBank explained that it was not indebted to Virgin Islands WAPA by reason of any deposit or bank account in Florida and did not possess or control any property of Virgin Islands WAPA in Florida. (Doc. 12-1 at 2–3, ¶ 3.) FirstBank further explained that any accounts or property maintained outside of Florida were beyond the jurisdictional reach of the state court to garnish. (*Id.* at 2, ¶ 2 & n.3.)

8. On September 14, 2020, Plaintiff filed a motion for entry of default against Banco Popular claiming Plaintiff served the Banco Popular writ on Banco Popular on August 13, 2020, and that Banco Popular failed to serve an answer within 20 days -- *i.e.*, no later than September 2, 2020. (Doc. 14 at 1–2, ¶¶ 3, 6.) However, in a footnote, Plaintiff disclosed that Banco Popular had, in fact, answered the writ by sending a letter to Plaintiff's counsel on August 19, 2020. (*Id.* at 2 n.1.) In addition, Banco Popular followed up with further correspondence on September 14, 2020. (*Id.*)

9. Plaintiff declined to provide the Court with a copy of the correspondence from Banco Popular and, apart from vaguely referencing "objections," declined to describe the substance of Banco Popular's response. (*Id.*) Moreover, without citing any statutory language or case law, Plaintiff asserted that Banco Popular's response "is deficient, and improper as a matter of law" because "an appropriate response" is required. (*Id.*) Plaintiff did not attempt to explain what was improper about Banco Popular's response. (*Id.*) Contrary to sections 77.055 and 77.061, Florida Statutes, Plaintiff has not filed any notice of or reply to Banco Popular's answer.

10. In addition, the return of service Plaintiff filed indicates the Banco Popular writ was served at 1221 Brickell Avenue in Miami, Florida, an address listed as a branch location

of Popular Bank and not Banco Popular. (Doc. 14-1 at 1.) Donna A. Maldonado-Rivera, Vice President and Counsel to Banco Popular's parent company, has declared that Banco Popular and Popular Bank are distinct entities, that Veronica Tercero is not an employee of Banco Popular and was not authorized to accept service on its behalf, and that Banco Popular has no offices and has never done business in Florida.[3] (Ex. A at 1 ¶¶ 2–3; *see also* Doc. 21, ¶ 2 (noting different FDIC numbers and locations).)

11.     Plaintiff's motion for default therefore fails to establish that the Banco Popular writ was properly served on Banco Popular.

12.     Virgin Islands WAPA now files its motion under section 77.07, Florida Statutes, to dissolve the FirstBank and Banco Popular writs.

## MEMORANDUM OF LAW

**I.      Chapter 77, Florida Statutes, provides the standards and procedures that govern the dissolution of pre-judgment writs of garnishment.**

Pursuant to Federal Rule of Civil Procedure 64, federal district courts in Florida apply chapter 77, Florida Statutes, with respect to pre-judgment writs of garnishment. *See, e.g.*, *Technogym USA Corp. v. Fit Solutions, LLC*, No. 18-cv-80125, 2018 WL 3110798, at *1–2 (S.D. Fla. Mar. 22, 2018); *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 436 n.10 (1974) ("[I]n all cases in federal court . . . state law is incorporated to determine the availability of prejudgment remedies for the seizure of . . . property to secure satisfaction of the judgment ultimately entered."). However, federal courts retain the inherent authority to limit the scope of pre-judgment remedies otherwise be available through Rule 64. *See, e.g.*, *Bridgestone/Firestone,*

---

[3] The Maldonado-Rivera declaration is attached hereto as **Exhibit A**.

*Inc. v. Recovery Credit Servs., Inc.*, 147 F.R.D. 66, 67 n.3 (S.D.N.Y 1993). Under Florida law, garnishment statutes are strictly construed. *See, e.g.*, *Akerman Senterfitt & Edison, P.A. v. Value Seafood, Inc.*, 121 So. 3d 83, 86 (Fla. 3rd DCA 2013).

Section 77.07, Florida Statutes, provides the mechanism and standards for dissolution of a pre-judgment writ of garnishment:

> [A] defendant, by motion, may obtain the dissolution of a writ of garnishment, unless the petitioner proves the grounds upon which the writ was issued and unless, in the case of a prejudgment writ, there is a reasonable probability that the final judgment in the underlying action will be rendered in his or her favor.

In addition, section 77.055, Florida Statutes, provides that a writ of garnishment will be dissolved "if any allegation in the plaintiff's motion for writ of garnishment is untrue." *See also id.* § 77.07(2) ("[I]f [an] allegation in plaintiff's motion which is denied is not proved to be true, the garnishment shall be dissolved."). Accordingly, by filing this motion to dissolve, Virgin Islands WAPA places the burden on Plaintiff to "prove[ ] the grounds upon which the writ[s] [were] issued" and prove that "there is a reasonable probability that the final judgment . . . will be rendered in [Plaintiff's] favor." *Id.* § 77.07; *see also Marshall-Shaw v. Ford*, 755 So. 2d 162, 164 (Fla. 4th DCA 2000) ("When a party moves to dissolve a writ of . . . garnishment, the party opposing the motion must prove the grounds on which the writ issued and a reasonable probability of obtaining a final judgment in his or her favor."); *Hurricane Towing, Inc. v. Petro Hydro, Inc.*, No. 99-cv-1643, 2000 WL 1276754, at *1 (S.D. Fla. May 19, 2000) ("[T]he burden is on the plaintiff to prove the grounds for the issuance of the writ."). Even unintentionally false statements in a motion for writ of garnishment are a basis for a dissolution. *See, e.g.*, *Branch Banking & Trust Co. v. Hamilton Greens, LLC*, No. 11-cv-80507, 2015 WL 5257668, at *7 (S.D. Fla. Sept. 8, 2015).

> **II.     The writs must be dissolved because Plaintiff cannot show that the allegations in its motion are true or that Plaintiff is likely to obtain a final judgment in its favor and because the alleged accounts are otherwise not subject to garnishment.**
>
> **A.  Multiple allegations in Plaintiff's motion are not true.**

Plaintiff's motion states that Virgin Islands WAPA maintains accounts at FirstBank and Banco Popular in Florida and within this Court's jurisdiction. (*See* Doc. 1-3 at 8, ¶ 1 (referring to the accounts as "asset[s] *in the jurisdiction of the Court*" and "assets . . . *in the State of Florida*" (emphasis added)). In fact, as would be expected from an autonomous agency of the Virgin Islands government that produces and distributes electricity and drinking water to residential and commercial customers in the territory, Virgin Islands WAPA does not maintain any bank accounts in Florida. (*See* Doc. 20-1 at 2, ¶¶ 6–10.) Any accounts Virgin Islands WAPA maintains with FirstBank or Banco Popular were opened and continue to be located outside of Florida. (Doc. 12 at 2–3, ¶ 3; Ex. A at 1, ¶ 2.) Indeed, Banco Popular does not have any branches or do any business in Florida. (Ex. A at 1, ¶ 2.) Plaintiff's inaccurate allegations that Virgin Islands WAPA maintains bank accounts in Florida alone require the writs to be dissolved. *See, e.g.*, *Branch Banking & Trust*, 2015 WL 5257668, at *7.

Plaintiff also has provided no support for its allegations that any Virgin Islands WAPA funds will be "secreted, consumed, transferred, or moved," or that Virgin Islands WAPA "is in severe financial distress and/or is insolvent and cannot meet its obligations when due." (Doc. 1-3 at 9.) "[Virgin Islands WAPA] is an incorporated instrumentality of the Government of the Virgin Islands." *Concepcion v. Soto*, 519 F.2d 405, 406 (3d Cir. 1975); *see also* Doc. 20-1 at 1, ¶ 2. Plaintiff's "say so" is insufficient to substantiate its alleged fears that the governmental agency responsible for providing electricity and drinking water to the population residing in the Virgin Islands will cease to operate or lack sufficient assets to satisfy a judgment. This is particularly true given Virgin Islands WAPA's immunity from execution. (*See* Part II.C.,

*infra*.) Plaintiff's unsupported allegations about the secreting of accounts provide another basis for dissolution. *See, e.g.*, *Branch Banking & Trust*, 2015 WL 5257668, at *7.

### B. Plaintiff also cannot establish a "reasonable probability" final judgment will be entered in its favor.

For reasons discussed more fully in Virgin Islands WAPA's contemporaneously filed motion to dismiss, Plaintiff cannot show a reasonable probability of success because the Court lacks personal jurisdiction. (*See generally* Doc. 20.) At a minimum, these substantial doubts about the Court's jurisdiction preclude Plaintiff from making the required showing that it will probably succeed on the merits and mandate dissolution of the writs. *See* Fla. Stat. § 77.07.

### C. The writs must also be dissolved because Virgin Islands WAPA's alleged accounts are beyond this Court's jurisdiction and immune from garnishment.

As discussed above, Plaintiff's allegation that Virgin Islands WAPA's accounts at FirstBank and Banco Popular, if any, are located in Florida is false. (*See* Part II.A., *supra*.) For the same reasons, the alleged accounts are beyond the jurisdiction of this Court to garnish. *See, e.g.*, *APR Energy, LLC v. Pakistan Power Resources, LLC*, No. 3:08-cv-961, 2009 WL 10670783, at *3–4 (M.D. Fla. Feb. 5, 2009) (Richardson, J.) ("[T]he Florida prejudgment garnishment statute does not provide for extraterritorial application . . . ."); *Stansell v. Revolutionary Armed Forces of Columbia (FARC)*, 149 F. Supp. 3d 1337, 1339 (M.D. Fla. 2015) ("[T]he Court concludes that it lacks subject matter jurisdiction to garnish any funds in any bank accounts located outside the State of Florida."). "[U]nder Florida law . . . a court presiding over a writ of garnishment must not only have personal jurisdiction over the garnishee," which is lacking here (*see* Part II.B, *supra*), "but also jurisdiction over the property, or *res*, that is the subject of the writ." *Federal Deposit Ins. Corp. for GulfSouth Private Bank v. Amos*, No. 3:12-cv-548, 2017 WL 9439161, at *7 (N.D. Fla. Jan. 10, 2017). Virgin Islands WAPA has no accounts in Florida, and any accounts Virgin Islands WAPA maintains at

7

FirstBank or Banco Popular were opened outside of Florida, with deposits into and withdrawals from those accounts also occurring outside of Florida. (*See* Doc. 20-1 at 2, ¶¶ 6–10.) These facts are corroborated by FirstBank's answer, which confirms that FirstBank is not indebted to Virgin Islands WAPA by reason of any bank accounts in Florida and does not possess or control any property of Virgin Islands WAPA in Florida. (Doc. 12 at 2–3, ¶ 3.) They are further corroborated by the Maldonado-Rivera declaration, which establishes that Banco Popular has no offices and does not do business in Florida. (Ex. A at 1 ¶¶ 2–3.)

The accounts are therefore located beyond this Court's jurisdiction, and the banks have insufficient jurisdictional contacts with this forum, and cannot be subjected to a writ of garnishment under Florida law. *See Amos*, 2017 WL 9439161, at *7; *Stansell*, 149 F. Supp. 3d at 1339; *APR Energy*, 2009 WL 10670783, at *3–4. Accordingly, the writs must be dissolved. *See Skulas v. Loiselle*, No. 09-cv-60096, 2010 WL 1790439, at *3 (S.D. Fla. Apr. 9, 2010) ("[B]ecause the bank account at issue is located in Pennsylvania, the Court does not have jurisdiction over it and the instant Writ of Garnishment should be dissolved." (internal citation omitted)); *APR Energy, LLC v. Pakistan Power Resources, LLC*, No. 3:09-cv-961, 2009 WL 425975, at *2 (M.D. Fla. Feb. 20, 2009) (Richardson, J.) ("As this Court does not have jurisdiction to issue a writ of garnishment against [a] bank account in Oklahoma, Garnishee's motion to dissolve is due to be granted." (internal citation omitted)).

In addition, Virgin Islands WAPA's assets are statutorily immune from execution. *See* V.I. Code tit. 30, § 111(a). Section 111 provides that "[a]ll property including funds of the Authority[4] shall be exempt from levy and sale by virtue of an execution, and no execution or other judicial process shall issue against the same nor shall any judgment against the Authority

---

[4] The term "Authority" refers to Virgin Islands WAPA. *See* V.I. Code tit. 30, § 102(a).

be a charge or lien upon its property." *Id.* This means Virgin Islands WAPA is immune from "'judicial process' designed to reach the property of the Authority." *Concepcion*, 519 F.2d at 406. "[A] judicial order that would compel the Authority to surrender its assets in payment of a money judgment . . . is within the meaning of the quoted prohibitory language . . . ." *Id.*

The purpose of Florida's garnishment statutes is to secure a judgment debtor's assets so as to compel their surrender in satisfaction of a judgment. *See, e.g.*, *Zelaya/Capital Int'l Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1304 (11th Cir. 2014) ("[T]he purpose of a writ of garnishment is to help the judgment creditor secure a debt owed to the creditor by the judgment debtor."). The statutes thus run directly counter to Virgin Islands WAPA's statutory immunity under section 111, and this provides a further basis on which the writs must be dissolved.

**III.   Request for hearing and demand on bond.**

Subject to its challenge to the Court's exercise of personal jurisdiction, Virgin Islands WAPA requests a hearing on this motion in accordance with section 77.07(1), Florida Statutes.

In the event the Court dissolves the writs or dismisses this action for lack of personal jurisdiction (*see generally* Doc. 20),Virgin Islands WAPA asks the Court to retain jurisdiction to award all "costs, damages, and attorney's fees" Virgin Islands WAPA has sustained due to Plaintiff's improperly suing out the writs of garnishment in this action. Fla. Stat. § 77.031(3).

### RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certifies that he conferred with Plaintiff's counsel on September 28, 2020, and Plaintiff opposes the relief requested.

Dated: September 29, 2020

        Respectfully submitted,

        **HOLLAND & KNIGHT**

        */s/ Daniel Mahfood*
        Frank E. Morreale (Fla. Bar No. 32599)
        Daniel Mahfood (Fla. Bar No. 94879)
        50 North Laura Street, Suite 3900
        Jacksonville, Florida  32202
        Telephone:  (904) 798-5466
        Facsimile:   (904) 686-7441
        frank.morreale@hklaw.com
        daniel.mahfood@hklaw.com

        *-and-*

        **VENABLE LLP**

        Edmund M. O'Toole (*pro hac vice*)
        Anna G. Dimon (*pro hac vice*)
        Rockefeller Center
        1270 Avenue of the Americas
        New York, New York  10020
        emo'toole@venable.com
        agdimon@venable.com

        *Attorneys for Defendant, Virgin Islands Water & Power Authority*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 29, 2020, I electronically filed the foregoing using the Court's CM/ECF system, which will cause a Notice of Electronic Filing to be sent to counsel of record.

        */s/ Daniel Mahfood*
        Attorney